**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4564

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL F. MYERS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (6:06-cr-01275-HMH-1)

Argued:  April 11, 2008                     Decided:  May 21, 2008

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Jeffrey Falkner Wilkes, Greenville, South Carolina, for Appellant.  David Calhoun Stephens, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.  **ON BRIEF:** Reginald I. Lloyd, United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Myers, convicted of various drug offenses, appeals asserting that alleged prosecutorial misconduct requires reversal of his convictions. Finding no reversible error, we affirm.

The Government presented extensive evidence at trial that Myers, a physician, committed three types of drug-related offenses. First, he sold marijuana to ensure his own supply of the drug. Second, he allowed his home to be used as a place for teenagers to use marijuana. Third, he wrote prescriptions for non-medical purposes in exchange for marijuana or some of the prescribed drugs. After trial, at which numerous witnesses testified for the Government, the jury convicted Myers on all eighteen counts.

On appeal, Myers contends that the prosecutor: (1) improperly shifted the burden of proof to Myers in questioning Myers as to the accuracy of his testimony regarding exculpatory medical records and suggesting that Myers could, if he wished to, introduce records to substantiate his testimony; and (2) made remarks in closing argument amounting to a "golden rule" violation -- suggesting that Myers' conduct actually harmed the jury's kin.

We analyze charges of prosecutorial misconduct under the same framework regardless of whether they involve improper questioning or argument. See, e.g., Greer v. Miller, 483 U.S. 756, 765-67 (1987). "In order to obtain a new trial on the basis of prosecutorial misconduct, [Myers] must demonstrate (1) that the

2

government's remarks were in fact improper and (2) that the remarks 'prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial.'" United States v. Higgs, 353 F.3d 281, 330 (4th Cir. 2003) (quoting United States v. Mitchell, 1 F.3d 235, 240 (4th Cir. 1993)). In evaluating prejudice, we consider "(1) the degree to which the prosecutor's remarks had a tendency to mislead the jury and to prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the defendant; (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters; (5) whether the prosecutor's remarks were invited by improper conduct of defense counsel; and (6) whether curative instructions were given to the jury." United States v. Scheetz, 293 F.3d 175, 186 (4th Cir. 2002). Moreover, because Myers raised neither of his appellate contentions in the district court, we can grant him relief only if we find plain error. See United States v. Olano, 507 U.S. 725, 734 (1993).

We find no plain error here. Even if some of the prosecutor's remarks were improper (and those in closing argument do seem improper), Myers cannot demonstrate prejudice. Given the substantial evidence presented against Myers, we find the government's case very strong. It seems very unlikely that any of the prosecutor's remarks mislead the jury. Moreover, the remarks

3

were isolated and do not seem to have been placed before the jury to divert attention to extraneous matters.  Finally, although the district court gave no curative instruction, Myers requested none and so can hardly point to that absence as demonstrating prejudice.

For all of these reasons, the judgment of the district court is

AFFIRMED.